IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYMOND IDEMUDIA AIGBEKAEN,

    Petitioner,

v.

USA,

    Respondent.

Case No. 3:22-CV-02599-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Preliminary Injunction and Motion for Temporary Restraining Order filed by Petitioner Aigbekaen (Doc. 5). Aigbekaen, an inmate in the Bureau of Prisons ("BOP") at Federal Correctional Institution—Greenville, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) to challenge the loss of his good conduct time credits, along with issues related to his prison disciplinary process and sanctions. For the reasons set forth below, the motion is denied.

Aigbekaen's habeas petition details his experience within the BOP disciplinary process. He believes the BOP staff retaliated against him for filing a Prison Rape Elimination Act ("PREA") report along with many administrative complaints. According to Aigbekaen, the staff falsified an incident report and denied him due process at every step of the disciplinary process including a lack of notice, denial of his access to legal resources and evidentiary materials, and lack of impartiality. In his motion, Aigbekaen moves the Court to enter a preliminary injunction and a temporary restraining order to "restore his phone, email, and visiting rights which were withheld as a result of the falsified incident report[.]" He also

asks the Court to "compel preservation and production of video evidence as well as the location of witnesses," and issue "a TRO ordering his immediate release because of his "debilitating mental illness" which puts him at "extreme risk of sexual victimization."

A preliminary injunction is an extraordinary and drastic remedy requiring the movant to carry the burden of persuasion by a clear showing. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To prevail on a motion for preliminary injunction, the moving party must show "(1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Lambert v. Buss,* 498 F.3d 446, 451 (7th Cir. 2007) (citing *Foodcomm Intern. v. Barry,* 328 F.3d 300, 303 (7th Cir. 2003)). The standard for issuing a temporary restraining order is identical to that governing the issuance of a preliminary injunction. *See Mays v. Dart*, 453 F. Supp. 3d 1074, 1087 (N.D. Ill. 2020).

This is a habeas corpus action challenging a prison disciplinary proceeding and outcome. The Seventh Circuit explains:

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all which…will be uncommon.

*Moran v. Sondalle,* 218 F.3d 647, 651 (7th Cir. 2000). To the extent that Aigbekaen seeks injunctive relief regarding the suspension of his phone, email, and visiting privileges, however, those complaints are not subject to this habeas action. Those are conditions rather than the fact of confinement, and as such, the appropriate action to challenge such conditions arises under civil rights law. *See Graham v. Broglin*, 922 F.2d 379, 381

(7th Cir. 1991). Aigbekaen also seeks a temporary restraining order for his immediate release from prison referencing his mental health and current vulnerability to sexual victimization. His motion does not provide any legitimate basis for the Court to grant such extraordinary relief.

For these reasons, Aigbekaen's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 5) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  November 28, 2022**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**